IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

Arash AZARNEZHAD,      )
                       )
           Petitioner, )
                       )
    v.                 )      Case No. 26-3073-JWL
                       )
Pamela BONDI, Attorney General;              )
Markwayne MULLIN, Secretary, DHS;            )
Todd LYONS, Acting Director, ICE;            )
Sam OLSON, Field Office Director, ICE; and   )
C. CARTER, Warden, FCI-Leavenworth,          )
                       )
           Respondents. )
                       )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the petition is hereby **granted in part and denied in part**.  Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **April 24, 2026**, and shall provide notice to this Court when that release is effected.  The petition is denied with respect to any other request for relief.

Petitioner is a native and citizen of Iran who was detained by immigration officials after entering the United States unlawfully in October 2024.  On April 7, 2025, an immigration court ordered petitioner's removal but granted his request for withholding of removal, meaning that petitioner may only be removed to a country other than Iran.

Petitioner is presently detained within this judicial district.  On March 27, 2026, petitioner filed this habeas action; the Court ordered an expedited response, and respondents have now filed an answer, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper.  To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)).  As respondents concede, petitioner's removal period began on April 7, 2025, the date his removal order was issued and became final (as the parties had waived appeal). *See id.* § 1231(a)(1)(B)(i).  The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699.  The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal.  It should measure reasonableness primarily in terms of the statute's

2

basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .

We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

3

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Petitioner has now been detained for nearly a year since his removal order, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Petitioner has not been removed in that period, and respondents do not dispute petitioner's contention that officials never even identified any third country to which he may be removed. Nor have officials been able to provide an approximate date for petitioner's removal.

The Court further finds that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that requests to accept petitioner were sent to three countries (Turkey, Egypt, Morocco) in June 2025, but it does not appear that any of those countries have responded to the request. Moreover, it does not appear that *any* action was taken to further the removal process for over seven months, until February 2026, when local officials asked for an update on the pending requests. The declarant states that on April 8, 2026, petitioner's name was "elevated" by officials through the State Department to a different third country pursuant to an agreement with that country to accept removed aliens, and that officials await confirmation of acceptance. The declarant has not provided any details or history regarding that process, however, including the likelihood of its success and the time it usually takes, and therefore the fact that the process has been initiated does not, by itself, provide evidence that petitioner is likely to be removed in the near future. The declarant has not even identified the country in question, nor has he explained why the country cannot be

named.  Finally, any claim of diligence with respect to petitioner's case is belied by the fact that although officials are required to conduct custody reviews every 90 days, no such determination has been completed for petitioner in the 17 months during which he has been detained.  In the absence of specific evidence showing when petitioner might actually be removed, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have failed to remove petitioner for nearly one year since his removal period began (and for over 17 months since his detention); and even though officials took no action for a period of over seven months, and still have not identified a potential third country for removal; petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision.  *See Zadvydas*, 533 U.S. at 700.  The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **April 24, 2026**.

Petitioner also requests a declaration that a certain process is required before petitioner may be removed to a third country.  The Court declines to order any such relief, and it therefore denies the petition to the extent that petitioner seeks relief other than his release from custody.  As the Court has explained in other cases (which petitioner has failed to address), the Court declines to impose or recognize requirements for third-country removal in light of petitioner's membership in a class certified in another case in which similar relief has been requested.  *See Manago v. Carter*, 2025 WL 2576755, at \*2-3 (D. Kan. Sept. 5, 2025) (Lungstrum, J.) (citing *D.V.D. v. United States Dept. of Homeland Sec.*,

5

778 F. Supp. 3d 355 (D. Mass.), *appeal filed* (1st Cir. Apr. 22, 2025), *stay granted*, 145 S. Ct. 2153 (June 23, 2025)); *Rustami v. Noem*, 2025 WL 3760744, at *3 (D. Kan. Dec. 30, 2025) (Lungstrum, J.) (citing *Manago*). In addition, the Court is not persuaded that petitioner will be unable to challenge removal once a third country has been designated.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **April 24, 2026**, and shall provide notice to this Court when that release is effected. The petition is denied with respect to any other request for relief.

IT IS SO ORDERED.

Dated this 14th day of April, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6